## CATAHOULA BANK v. KIRBY.
### No. 9433.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1940.

Rehearing Denied July 8, 1940.

Thomas W. Leigh, of Monroe, La., for appellant.

Ben F. Roberts, of Shreveport, La., and Robert H. Wimberly, of Arcadia, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Leon Kirby on December 20, 1938, filed a petition for relief as a farmer-debtor under Section 75 of the Bankruptcy Act, 11

U.S.C.A. § 203. On December 23, 1938, he applied for extension of the period for redeeming 480 acres of land for the time necessary for the carrying out of the purposes of Section 75, and the whole matter was referred to the Supervising Conciliation Commissioner. Catahoula Bank claimed title to the land, asserting that Kirby had only a lease with an option to buy which expired December 31, 1938, so there was nothing for the bankruptcy to take hold of; and to alter the contract would take the Bank's property without due process of law. The debtor contended that although he had conveyed title to the Bank he had reserved a lease for 1938, and the right to redeem the land during that term by paying stated debts due to and taken up by the Bank, and that Section 75 could be constitutionally applied to his relief to carry out a plan of rehabilitation submitted by him which looked to the full payment of the Bank over a period of years. The Commissioner in a careful opinion held with the debtor and the district judge affirmed and decreed to Kirby an extension of time, enjoining the Bank from alienating the property pending the proceedings, or from interfering with the possession of Kirby till the further order of the court. The Bank appeals.

■ Section 75, sub. n declares that the filing of the petition shall "immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including * * * the right or the equity of redemption where the period of redemption has not or had not expired * * * at the time of filing the petition. In all cases where, at the time of filing the petition, the period of redemption has not or had not expired * * * the period of redemption shall be extended * * * for the period necessary for the purpose of carrying out the provisions of this section." We see no sufficient reason to restrict the words "the right or equity of redemption," and "the period of redemption," to the case of redemption after a mortgage foreclosure or a sheriff's sale of property. They may and do equally apply to a right or period of redemption fixed by contract.

■ There is such a right or period in this case. On Feb. 28, 1938, Kirby owed Catahoula Bank a second mortgage on his 480-acre farm for $2,500, and the Federal Land Bank of New Orleans a first mortgage thereon for $6,344, and owed judgments for $1,066. He made an act of absolute sale of the land to the Bank, for the price as therein expressed that the Bank would assume and pay the Federal Land Bank's mortgage of $6,344, and its own mortgage of $2,500 on which $2,000 was acknowledged to be due. At the same time and before the same witnesses Kirby and the Bank executed a contract which referred to the act of sale and stated its consideration to be the assumption of all mortgages and incumbrances affecting the land, and particularly the Federal Land Bank mortgage $6,344, the Bank's mortgage $2,500, and certain judgments $1,066, totalling $9,910; and an additional consideration moving to the sale, towit: that the Bank agrees to lease and rent the land to Kirby for the year 1938, he to pay taxes for the year and preserve and care for the property and to deliver possession to the Bank Dec. 31, 1938; and until that date the Bank grants to Kirby the option to repurchase the property "upon payment of the full amount of the indebtedness aforesaid assumed by the Bank, together with all interest upon said amount at the rate of 8% from Jan. 1, 1938, together with all costs and expenses incurred and paid by said Bank on said property after this date. * * * This option and right to repurchase shall expire after Dec. 31, 1938, after date."

We think it clear that Kirby's right was not that of a mere optionee, who had never owned the property before. A pure option to buy might not be extendible under the bankruptcy power because no debt exists. Nor is Kirby's case exactly that described in Louisiana Civil Code, Art. 2567. "The right of redemption is an agreement or paction, by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it." In such a transaction the time cannot be extended by the judge. Arts. 2569, 2570. Construing the two instruments here involved as simultaneous and parts of the same transaction they do reserve such a right of redemption, miscalled an option to repurchase. And again, if no debt was involved, perhaps bankruptcy power might fail to accomplish an extension contrary to the terms of the contract. What impresses us here is that debts and debts alone are involved in the price, and the effect of the whole transaction is

to have the Bank to assemble these debts which incumbered the farm and to give Kirby till Dec. 31, 1938, to redeem his farm by paying them. His bearing the taxes and keeping up the property meanwhile is only what as owner he ought to do. The right of redemption which he had and the period of redemption ending Dec. 31, 1938, relate to redemption from debts and are within the provision quoted from Sect. 75, sub. n; and the extension provided is within the bankruptcy power of Congress. Wright v. Union Central Life Ins. Co., 304 U.S. 502, 517, 58 S.Ct. 1025, 82 L.Ed. 1490.

Judgment affirmed.