## REPUBLIC INS. CO. v. BUTTS.

No. 10122.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1942.

Rehearing Denied Jan. 27, 1943.

W. H. Shook and J. L. Shook, both of Dallas, Tex., for appellant.

T. E. Mosheim, of Seguin, Tex., for appellee.

O. H. Woodrow, of Sherman, Tex., amicus curiae.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

U. R. Butts, as farmer-debtor sought relief under Section 25 of the Bankruptcy. Act, 11 U.S.C.A. § 48. Conciliation failed, and he was adjudicated a bankrupt under Section 75, Subsection s, 11 U.S.C.A. § 203, sub. s. His land had been bought by deed from Republic Insurance Company on credit, with reserved vendor's lien, and the Company moved to strike the land from the schedule of assets because of its reserved superior title under Texas law. It also moved an immediate sale of the land for the purchase money debt. The motions were overruled and proceedings tak-

en to value the land and fix its rental. On review before the district judge the Company waived any question as to whether there was hope of rehabilitation, or whether the rental was adequate, and sought a judgment on the sole grounds that by reason of its superior title the bankruptcy court could not administer the land; or if it could, the land as of right must be sold on its demand, without such proceedings as are provided in Subsection s. Both contentions were denied after careful consideration, and this appeal was taken.

Property in no sense that of the bankrupt cannot of course be seized by the bankruptcy court. But Bankruptcy Act Sec. 75, sub. n, in naming the property of the farmer-debtor that the court is to exercise exclusive jurisdiction over includes among his real and personal property "any equity or right in any such property * * * contracts for purchase, contracts for deed, or conditional sales contracts * * * or where a deed of trust has been given as security", showing clearly that any interest of the debtor in land purchased by him, though he have no title because it has been reserved or conveyed away as security, is to be protected and administered. And, we think, so long as there exists a relation of debtor and creditor respecting the purchase of land, the power of bankruptcy may reach and regulate that relation. The security of course may not be taken and destroyed by bankruptcy, but it can be administered.

The "superior title" is an invention of Texas law to prevent a purchaser of land owing for it under a vendor's lien from keeping the land without paying for it. As between vendor and purchaser the title is regarded as in the vendor till the purchase money is paid, and the vendor may rescind, or retake possession or foreclose after . default; but these superior rights are all for security of the purchase money alone. In the early case of Stephens v. Motl, 82 Tex. 81, 18 S.W. 99, the Supreme Court said: "Notwithstanding the reservation of the vendor's lien in the deed, Motl [the purchaser] had the right to the possession of the land under his contract of purchase, and title was vested in him, subject only to be defeated by rescission for failure to pay the purchase money, and it might become perfect on payment of the notes. * * * Although he held the superior title as between himself and his vendee, Rucker [the vendor] stood in the relation of mortgagee of the land out of possession, and not entitled to possession until default on part of the vendee, and a rescission by him of the contract, or a foreclosure." So in the late case of Gray v. Kaliski, Tex.Com.App., 45 S.W.2d 157, 159, we read: "It is now the settled law in this state that, while a deed with vendor's lien reserved to secure purchase money or part thereof is an executory contract between the vendor and vendee, and those in privity with them, it is so only in the sense that the naked legal title remains in the vendor, to be automatically vested in the vendee upon the payment of the purchase money; in all other respects, between such parties, and in all respects in so far as strangers to the transaction are concerned, the deed is not executory, but is an executed contract." And still later in Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95, 99, it is said: "This court has uniformly held that the title of the vendor, who reserves in his deed a lien for the purchase money, is superior in the sense that the vendee cannot assert his title against the vendor unless he has paid the purchase money, that the vendor's title is limited to the character of security for the purchase money debt, and that when the debt has been paid the title of the vendor ceases and that of the vendee 'becomes absolute, as to the vendor, without any action on his part.'" This debtor therefore stands much as one who has conveyed title by common law mortgage to be defeated on payment of the debt, or by trust deed to secure the debt, or who bought under bond for title, title to be executed on payment. In any such case he has, until deprived by a complete rescission or foreclosure, such an interest as falls within the bankruptcy power and under the administration of this statute. Compare Wright v. Union Central Life Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Catahoula Bank v. Kirby, 5 Cir., 112 F.2d 124.

It follows that the land ought not to have been stricken from the schedule of assets. It likewise follows that it may be dealt with under Subsection s as other incumbered land is, the holder of the incumbrance not being entitled as of right to an immediate sale to pay his debt. John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176. But if hereafter the bankrupt fails to comply with the orders of the court, or is un-

able to refinance himself within three years, there is provision in the statute for a sale to be ordered. The present judgment does not cut off that remedy hereafter.

Judgment affirmed.